**NOT FOR PUBLICATION**

JUL 06 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| PONCIANO ADONIS RANGEL, | No. 06-71829 |
| Petitioner, | Agency No. A041-880-728 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Ponciano Adonis Rangel, a native and citizen of the Philippines, petitions for

review of the Board of Immigration Appeals' order summarily affirming an

immigration judge's ("IJ") order denying his application for withholding of

removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law, *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010), and we grant the petition for review.

Because Rangel's plea and conviction were entered before the Attorney General issued *Matter of Y-L-, A-G-, & R-S-R*, 23 I. & N. Dec. 270, 276 (BIA 2002), the IJ improperly applied the presumption that drug trafficking offenses are particularly serious crimes. *See Miguel-Miguel v. Gonzales*, 500 F.3d 941, 953 (9th Cir. 2007) (holding that the *Matter of Y-L-, A-G-, & R-S-R* particularly serious crime presumption cannot be applied retroactively). In analyzing whether Rangel's offense is a particularly serious crime, the IJ instead must apply the case-by-case analysis set out in *Matter of Frentescu*, 18 I. & N. Dec. 244 (BIA 1982), *superseded by statute in part*, 8 U.S.C. § 1253(h)(1991), as later modified by the BIA. *See Anaya-Ortiz*, 594 F.3d at 679-80 (discussing the *Frentescu* case-by-case analysis).

Contrary to the government's contention, the IJ did not, in her decision, make an alternative finding that Rangel failed to establish the clear probability of persecution necessary to qualify for withholding of removal.

We remand for further proceedings consistent with this decision. *See INS v. Ventura*, 537 U.S. 12, 16-17 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**